UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIM. NO. 17-007 (ADC)

FRANK CARLOS VAZQUEZ-MEJIA,
Defendant.

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(A) and (B) FRCP)

**TO THE HONORABLE COURT:**

COMES NOW, Plaintiff, the United States of America, by and through its attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Capo-Iriarte, Assistant United States Attorney, Chief, Criminal Division; Marshal D. Morgan, Assistant United States Attorney, Chief, Crimes Against Children and Human Trafficking Unit; Nicholas G. Smith, Special Assistant United States Attorney for said District, and Frank Carlos Vazquez-Mejia, Defendant, by and through Defendant's counsel, Jessica Earl, Esq., pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **DEFENDANT PLEADS GUILTY TO 8 U.S.C. § 1324(a)(1)(A)(i), (v)(I)**

Defendant agrees to plead guilty to COUNT ONE of the Indictment, which charges that the Defendant, knowingly and intentionally conspired to attempt to bring to the United States at least one alien, knowing that said persons were aliens, at a place other than a port of entry as designated by the Secretary of Homeland Security; all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i), (v)(i).

2. **MAXIMUM PENALTIES**

The maximum penalties for COUNT ONE include a term of imprisonment of not more than ten (10) years; a term of supervised release of no more than three (3) years; and a fine not to exceed $250,000.00.

3. **APPLICABILITY OF SENTENCING GUIDELINES**

Pursuant to the decision of the Supreme Court of the United States in the case of *United States v. Booker* and *United States v. Fanfan*, the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

4. **SPECIAL MONETARY ASSESSMENT**

Defendant shall pay a special monetary assessment of one-hundred dollars ($100.00), as required by Title 18, *United States Code*, Section 3013(a).



5. **ADDITONAL MONETARY ASSESSMENT**

Due to the Defendant's guilty plea to an offense under Title 8, *United States Code*, Section 1324, which *does not* involve smuggling of only a spouse, parent, son, or daughter, Defendant shall pay an additional monetary assessment of five-thousand dollars ($5000.00), as required by Title 18, *United States Code*, Section 3014(a)(5).

6. **FINES**

Defendant is aware that the Court may order Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release.

7. **RULE 11(c)(1)(B) WARNINGS**

Defendant's sentence is within the sound discretion of the sentencing judge and will be imposed in accordance with the Guidelines (including the <u>Guidelines Policy Statements, Application, and Background Notes</u>). The Court has jurisdiction and authority to impose any

sentence within the statutory maximum set for the offense to which he pleads guilty. If the Court should impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

8. **STIPULATION AS TO THE AMOUNT OF ALIENS**

The United States of America and Defendant stipulate for purposes of this plea agreement that Defendant shall be accountable for attempting to bring not less than 6 and no more than 24 aliens to the United States

9. **SENTENCING GUIDELINE CALCULATIONS**

Although the Guidelines are advisory, the sentencing court is required to consider the Guideline "sentencing range established for …the applicable category of offense committed by the applicable category of defendant" in imposing sentence. *United States v. Booker*, 543 U.S. 220, 224 (2005). Therefore, after due consideration of the relevant factors enumerated in Title 18, *United States Code*, Section 3553(a), the United States and Defendant submit the below advisory Sentencing Guideline calculations.



| 2016 UNITED STATES SENTENCING GUIDELINES CALCULATION TABLE <COUNT ONE> 8 U.S.C. § 1324(a)(1)(A)(i) ||||||||
|---|---|---|---|---|---|---|---|
| Base Offense Level [§2L1.1(a)(3)] | The offense involved smuggling unlawful aliens. |||||| +12 |
| Adjustment [§3E1.1(a), (b)] | Defendant clearly demonstrated acceptance of responsibility for his offense in a timely manner |||||| -2 |
| TOTAL OFFENSE LEVEL ||||||| 10 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| | 10 | 006-012 | 008-014 | 010-016 | 015-021 | 021-027 | 024-030 |

10. **SENTENCING RECOMMENDATION**

The United States and the Defendant, after considering the advisory Sentencing Guidelines and all applicable sentencing factors in Title 18, United States Code, Section 3553(a), reserve the right to recommend a sentence at the lower end of the applicable guideline sentencing range for a total offense level of ~~12~~ 10 when combined with defendant's criminal history category as determined by the Court.

11. **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

12. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that Defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

13. **OBJECTIONS TO THE SENTENCING REPORT**

Pursuant to Fed.R.Crim.P. 32 (f)(1)&(2), the parties agree to state in writing any objections to the sentencing report within 14 days after its receipt.

14. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's base offense level shall be sought by the parties.

**15. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties make no stipulation as to Defendant's Criminal History Category.

**16. DISMISSAL OF REMAINING COUNTS**

The United States agrees that they will move to dismiss the remaining counts of the Indictment in exchange for Defendant's plea of guilty to Count ONE.

**17. IMPACT UPON IMMIGRATION STATUS**



Defendant is an alien. Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon Defendant's immigration status with the United States.

**18. SATISFACTION WITH ATTORNEY**

Defendant is satisfied with Defendant's counsel, Jessica Earl, Esq. Defendant hereby indicates that counsel has rendered effective legal assistance.

**19. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement, which include the following:

a) If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree;

b) If a jury trial is conducted, the jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously,

before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately;

c) If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt;

d) At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court;

e) At trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**20. STIPULATION OF FACTS**

The parties agree that there is a sufficient basis in fact to support Defendant's guilty plea in this case. The parties further agree that the facts contained in the attached government's version of facts are true and correct, and that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 21. JURISDICTIONAL LIMITS OF PLEA AGREEMENT

This plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

### 22. ENTIRETY OF PLEA AGREEMENTS AND AMENDMENTS

This document constitutes the entire plea agreement between the parties. The parties deny the existence of any other terms and conditions not stated herein. No additional promises, terms or conditions will be entered unless in writing and signed by all parties.

### 23. VOLUNTARINESS OF PLEA

Defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. No threats have been made against Defendant. Defendant is pleading guilty freely and voluntarily because Defendant is, in fact, guilty.

[INTENTIONALLY LEFT BLANK]

## 24. BREACH AND WAIVER

Defendant understands and agrees that if Defendant breaches the Plea Agreement, Defendant may be prosecuted and sentenced for all of the offenses that Defendant may have committed. Defendant agrees that if Defendant breaches this Plea Agreement, the government reserves the right to take whatever steps are necessary to nullify the Plea Agreement, including the filing of a motion to withdraw the Plea Agreement and/or set aside the conviction and sentence. Defendant also agrees that if he is in breach of this Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted. Defendant further agrees that if he is in breach of this Plea Agreement, Defendant is deemed to have also waived any objection to the filing of any additional charges against him.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
José Capó-Iriarte,
Assistant U.S. Attorney
Chief, Criminal Division
Date: 4/5/17

_____
Marshal D. Morgan
Assistant U.S. Attorney
Deputy Chief, Crimes Against Children
and Human Trafficking Unit
Date: 4/5/17

_____
Nicholas G. Smith,
Special Assistant U.S. Attorney
Date: 4/4/17

_____
Frank Carlos Vazquez-Mejia,
Defendant
Date: 4/19/2017

_____
Jessica Earl, Esq.,
Counsel for Defendant
Date: 4/19/2017

U.S. v. VAZQUEZ-MEJIA,
Plea Agreement

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. In addition, I understand my rights with respect to the provision of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 4/19/2017

_____
Frank Carlos Vazquez-Mejia,
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights with respect to the pending Indictment against Defendant. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of Defendant's plea of guilty.

Date: 4/19/2017

_____
Jessica Earl, Esq.,
Counsel for Defendant

U.S. v. VAZQUEZ-MEJIA,
Plea Agreement

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following summary of facts which would have proven beyond a reasonable doubt Defendant's criminal responsibility for Defendant's violation of 8 U.S.C. § 1324(a)(1)(A)(i):

On December 18, 2016 at approximately 7:00 A.M., United States Border Patrol received a notification from PRPD-FURA regarding a potential maritime smuggling event. FURA indicated they had intercepted a vessel containing two individuals, including the Defendant, on board a 25 ft Mako vessel with two large outboard engines approximately one mile west of Club El Deportivo yacht club in Joyudas, Cabo Rojo. The intercepted vessel had a large amount of fuel containers onboard. Upon being stopped by FURA, the Defendant indicated that he was going to be paid two thousand dollars for the trip, and that he did not have a valid navigational license to operate the vessel. Since none of the detained subjects had valid documentation, training, license, or certification to operate the boat, PRPD terminated the voyage and the subjects were turned over to Border Patrol agents to determine their immigration status.

While at the border patrol station, the Defendant freely waived his rights and provided a voluntary sworn statement in which he admitted that about a month prior to the interdiction he met a man known as "The Haitian" in La Placita Santurce Puerto Rico. "The Haitian" recruited the Defendant to bring illegal migrants to Puerto Rico for financial gain. The Defendant and the Haitian maintained contact until the trip was organized.

The day before the Defendant was arrested, "the Haitian" picked him up at Bebo's BBQ in Carolina, Puerto Rico. He drove him to an apartment in an unknown location in Aguadilla, Puerto Rico. "The Haitian" left the apartment and arrived driving a Ford F-250 and a boat. The Haitian

U.S. v. VAZQUEZ-MEJIA,
Plea Agreement

drove toward Mayaguez, Puerto Rico to a boat ramp, where the Defendant launched to navigate towards the Mona Passage. The Defendant understood and admits the purpose of the voyage was to conduct a sea-transfer of illegal migrants of Dominican Republic nationality and bring them to Puerto Rico.

Had the United States proceeded to trial, the government would have presented testimony from law enforcement officers, the Defendants statement, and other documentary evidence. Discovery was provided to the defense in a timely manner.

_____
Nicholas G. Smith ,
Special Assistant U.S. Attorney
Date: 4/4/17

_____
Frank Carlos Vazquez-Mejia,
Defendant
Date: 4/19/2017

_____
Jessica Earl, Esq.,
Counsel for Defendant
Date: 4/19/2017